BLANCO, LÓPEZ & CO., PLAINTIFFS AND APPELLEES, *v.* TORRES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an Action of Debt.

No. 1569.—Decided July 26, 1917.

DEBT — ACCOUNT CURRENT -- MONTHLY PAYMENTS — LIQUIDATION OF ACCOUNT — FIXED PARTIAL PAYMENTS.—In this case the defendant, in a public instrument, acknowledged that he owed the plaintiffs a certain sum of money secured by mortgage for a period of only four years, and the plaintiffs agreed to furnish him up to a certain sum over and above the acknowledged indebtedness for agricultural financing, the total to form an account current and the defendant binding himself to make monthly payments in settlement of the debt. The defendant failed to make one monthly payment and upon the liquidation of the account admitted the balance shown in favor of the plaintiffs,—*Held:* That no time having been fixed for the payment of the acknowledged indebtedness, or of the additional sums to be advanced by the plaintiffs, and the defendant having failed to make one monthly payment, he was under obligation to pay the balance shown in the liquidation of the account current, for the question involved is not one of the payment of a debt by instalments, but of the collection of the balance of a current account opened by the agreement of both parties.

ID.—ID.—LIQUIDATION OF ACCOUNT.—Accounts current are always understood ·to be liquidated accounts, as their liquidation depends upon a simple arithmetical operation.

ID.—ID.—CONTRACT.—When an account current is agreed to and accepted by the parties it constitutes a binding contract between them under section 1245 of the Revised Civil Code.

ID.—PLEADINGS—CONSTRUCTION.—According to section 122 of the Code of Civil Procedure, the pleadings in an action must be liberally construed for the purpose of determining their effect with a view to substantial justice between the parties.

The facts are stated in the opinion.

*Mr: Ricardo Agrait Aldea* for the appellant.

*Mr. Ramón Siaca González* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 2, 1916, the firm of Blanco, López & Company sued Luis Torres Correa in the District Court of Arecibo to recover the sum of $5,144.51, with interest from the date of the complaint, costs, disbursements and attorney fees.

The defendant answered the complaint, the case went to trial and on July 12, 1916, the court rendered judgment for the plaintiff firm for $5,139.11, with interest thereon at the legal rate from the time the defendant was summoned, together with costs, disbursements and attorney fees.

From the said judgment the attorney for the defendant took the present appeal, which after due compliance with the legal formalities, is now submitted to this court for consideration and decision. The pertinent facts of the case as shown by the pleadings of the parties, by the evidence admitted at the trial and by the findings of the trial court thereon, are as follows:

1. In a public instrument executed in the city of Arecibo on May 7, 1915, by Blanco, López & Company, represented by their managing partner, Restituto Blanco y Fresno, and Successors of J. Clivillés & Company, represented by Andrés Gandía Córdova, parties of the first part, and Luis Torres Correa and Eduardo Iglesias Ortiz, the latter joined by his wife, Antonia Maldonado, parties of the second part, a con-

tract was entered into including, among others, the following stipulations: "D. Luis Torres Correa takes charge of the stock, furniture, fixtures and accounts of the establishment 'La Margarita,' formerly belonging to Roig and Torres in the town of Utuado, and in consideration therefor acknowledges his indebtedness to Blanco, López & Company in the sum of $3,971.95 on account current. * * *. G. Blanco, López & Company agree to allow Torres to run an additional account with them up to $1,500 over and above the aforesaid indebtedness of $3,971.95, making a total account current of $5,571.95. H. Luis Torres Correa binds himself to make payments at least once a month on the said account current. I. As security for the payment of the total of the said account current Luis Torres pledges the stock or assets of the business which he acquires by this contract, a note for $1,500 due to him from the Succession of Jesús María Torres Colomer, which is deposited with Blanco, López & Company as such security, and a mortgage as follows: 'Eduardo Iglesias y Ortiz, with the express consent of his said wife, binds himself as solidary surety up to the sum of $2,000 to answer for the faithful discharge by Luis Torres Correa of the amount of the account current contracted by him in this instrument, and for that purpose Eduardo Iglesias Ortiz, with the consent of his said wife, creates a voluntary mortgage in favor of Blanco, López & Company for the sum of $2,000 on the real property described; * * * this security to be effective for a period of four years to answer in the sum of $2,000 for the faithful discharge by Torres of the debt contracted with Blanco, López & Company, a general balance to be struck before the same is canceled.' "

2. In the month of January, 1916, defendant Luis Torres Correa failed to make the payment corresponding to the said month on his account current with Blanco, López & Company.

3. The said account having been balanced by Blanco, López & Company on February 2, 1916, there was found to be due them a balance of $5,144.51, as alleged by the plain-

tiffs, the defendant admitting in his answer that the balance was $5,139.11 and not $5,144.51.

The clauses of the contract of May 7, 1905, which we have transcribed show that Luis Torres acknowledged an indebtedness of $3,971.95 to Blanco, López & Company and that the latter bound themselves to finance the defendant for carrying on his business up to the additional sum of $1,500, which with the sum of $3,971.95 already owing aggregated an account current of $5,471.95, Torres Correa agreeing to make payments at least once a month in settlement of the said account.

No time was fixed for the payment of the amount which Torres Correa owed to the plaintiffs on account current, for the manner of settling the account by means of monthly payments, the amounts of which were not stipulated, cannot be considered as fixing a time for payment. Nor can the period of four years fixed in the mortgage security given by Eduardo Iglesias to secure the payment of the debt contracted by Torres Correa with Blanco, López & Company be considered as fixing a limit of four years for the payment of the debt by means of the monthly payments agreed on, for such stipulation was not made by the plaintiffs and the defendant and the mortgage was a security in favor of the plaintiffs, of which they could avail themselves or not as their interests might dictate, aside from the fact that it did not secure the whole debt.

No time having been fixed for the payment of the debt of $3,971.95 which Luis Torres acknowledged in favor of Blanco, López & Company or for the payment of the amounts which the said firm might advance to him up to the sum of $1,500 over and above the acknowledged indebtedness, it must be concluded that as Luis Torres failed to make the payment corresponding to the month of January, thus defaulting in the manner of payment agreed upon, he was under the obligation to pay Blanco, López & Company the balance shown to be due them on the account current; for,

according to the judgment of the Supreme Court of Spain
of December 2, 1887, accounts current are always under-
stood to be liquidated because their liquidation depends upon
a simple arithmetical operation.

The balance of the account current under consideration
is admitted by the defendant to be $5,139.11, and according
to the judgment of the Supreme Court of Spain of July 8,
1904, "the admission and approval of an account by the
interested parties constitutes a juridical bond between them
which is sanctioned by article 1278 of the Civil Code" (sec.
1245 of the Rev. Civ. Code).

The allegation by the appellant that the contract of May
7, 1915, contains no clause stipulating that when a payment
is due and not made the whole of the debt shall be recoverable
does not support his contention that the action to recover
is premature, without cause and contrary to the terms of the
contract; for, as we have said before, the question is not
one of the payment of a debt in fixed and specific instalments,
but of the recovery of the balance of an account current which
the plaintiffs opened in favor of the defendant by the agree-
ment of both parties.

The appellant contends that section 1091 of the Civil Code
should have been applied and was not, which was error; but
even supposing that it could govern this case, instead of
being adverse to the judgment appealed from it supports it.

The said section reads as follows:

"Section 1091.—The right to rescind the obligations is consid-
ered as implied in mutual ones, in case one of the obligated persons
does not comply with what is incumbent upon him.

"The person prejudiced may choose between exacting the fulfil-
ment of the obligation or its rescission, with indemnity for dam-
ages and payment of interest in either case."

In demanding payment of the balance due and owing by
the defendant on the account current when in the month of
January, 1916, he failed to comply with his agreement to make

monthly payments, the plaintiffs have done nothing more than ask for the fulfilment of the obligation contracted by the defendant in the said instrument of May 7, 1915; that is, the payment of the debt which he acknowledged and of the other amounts furnished to him later. It cannot be contended that the right of the plaintiffs is limited to the recovery of the instalment which the defendant failed to pay in the month of January, the amount of which is unknown, for in setting up such a claim the right of the creditors would be burlesqued.

In any event an action for the rescission of the contract would have had no other result than that now sought by the plaintiffs; that is, the recovery now prayed for in the complaint.

In the construction of a pleading, for the purposes of determining its effect, its allegations should be liberally construed with a view to substantial justice between the parties, according to section 122 of the Code of Civil Procedure.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.